UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | 2:25-CR-00070-DCLC-CRW |
| v. | ) ) ) | |
| MICHAEL PATRICK CATES, | ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Michael Patrick Cates moves to dismiss the indictment charging him with failure to register as a sex offender under the Sex Offender Registration and Notification Act ("SORNA"). He argues that his prior Virginia convictions for rape and forcible sodomy are not comparable to SORNA's enumerated Tier III offenses, including sexual assault under 18 U.S.C. § 2242. According to Cates, because his Virginia offenses are general intent crimes and § 2242 requires specific intent, his prior convictions cannot support a Tier III classification. The motion therefore presents a question of law not yet addressed by the Sixth Circuit: whether sexual assault under § 2242 is a general intent offense. He also challenges the constitutionality of SORNA's Tier classification system. For the reasons explained below, the Court concludes that § 2242 is a general intent crime and that Cates was properly classified as a Tier III sex offender and that SORNA's Tier classification system is not unconstitutional. The motion [Doc. 17] is **DENIED**.

I.      BACKGROUND

In 1985, Cates was convicted in Virginia of two counts of rape and one count of forcible sodomy and received a thirty-year sentence. Those convictions require him to register as a sex

1

offender under SORNA, 18 U.S.C. § 2250(a). The parties dispute whether Cates is a Tier I offender who must register for 15 years, or a Tier III offender who must register for life. If he is a Tier I offender, his registration obligations would have ended by April 23, 2014.[1]

Cates was indicted for failing to register between October 23, 2024, and April 9, 2025. He now moves to dismiss the indictment on two grounds: (1) he is a Tier I offender, so his registration requirement ended before the allegations in the indictment, and (2) SORNA's tier classifications are unconstitutionally vague. [Doc. 17]. The Government responded in opposition [Doc. 22], and Cates has replied [Doc. 24].

## II.     LEGAL STANDARD

Under Fed.R.Crim.P. 12(b), a defendant may raise by pretrial motion any issue "capable of determination without the trial of the general issue…." Fed. R. Crim. P. 12(b). The Sixth Circuit instructs district courts to "dispose of all motions before trial if they are capable of determination without trial of the general issue." *United States v. Jones*, 542 F.2d 661, 665 (6th Cir. 1976). Courts may consider evidence outside the indictment when the challenge presents a pure question of law. *See, e.g., United States v. Church*, 461 F. Supp.3d 875, 880-81 (S.D. Iowa 2020) (granting a defendant's motion to dismiss an indictment for failure to register under SORNA because the defendant was a Tier I offender).

## III.    ANALYSIS

### A.     Defendant's SORNA Tier Classification

Cates first argues that Virginia's rape and forcible sodomy statutes are overbroad in comparison to SORNA's enumerated Tier II or III offenses. The Court will first consider

---

[1] Cates was released from prison on April 23, 1999.

2

Case 2:25-cr-00070-DCLC-CRW   Document 29   Filed 12/22/25   Page 2 of 12
PageID #: 115

SORNA's tier classification scheme and the elements of his prior crimes of conviction before comparing them to the appropriate Tier III offenses.

1.  **SORNA and the Tier III Classification**

SORNA establishes a national sex-offender registry and requires offenders to register and keep their information current in each jurisdiction where they live, work, or attend school. 34 U.S.C. § 20913(a). How long an offender must register depends on the offender's "Tier." Tier I offenders must register for 15 years, Tier II offenders for 25 years, and Tier III offenders must register for life. 34 U.S.C. § 20915(a).

A Tier III offender is one whose predicate offense is punishable by imprisonment for more than one year and is "comparable to or more severe than" the federal offenses of aggravated sexual abuse, sexual abuse, or abusive sexual contact against a minor under 13, or whose predicate offense involved child kidnapping. 34 U.S.C. § 20911(4). When deciding whether a prior offense is comparable to a Tier III sex offense, courts use the categorial approach. Under this approach, the analysis is limited to the elements of the state offense, not the acts the offender actually did. *United States v. Barcus*, 892 F.3d 228, 232 (6th Cir. 2018) (courts must "'compare' what the state law offense requires—not what an individual defendant did—to the Tier III requirements."). The focus is on the "the minimum conduct criminalized by the state statute." *United States v. Southers*, 866 F.3d 364, 367 (6th Cir. 2017) (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013)). A state offense is comparable only if its elements are the same as, or narrower than, the comparable Tier III offense. *Mathis v. United States*, 579 U.S. 500, 503 (2016). To show overbreadth, the defendant must demonstrate "a realistic probability, not a theoretical possibility" that the State prosecutes conduct falling outside the generic federal definition. *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007).

3

## 2. Defendant's Prior Sex Offenses

Virginia's rape statute in effect at the time of Cates' conviction, Va. Code 18.2-61 (1982), covers sexual intercourse (1) obtained by force, threat, or intimidation, (2) through the victim's mental incapacity or physical helplessness, or (3) with a child under 13. Va. Code Ann. § 18.2-61 (1982). Rape is a general intent crime. *Velasquez v. Commonwealth*, 661 S.E.2d 454, 456 (Va. 2008) ("The required general intent is established upon proof that the accused knowingly and intentionally committed the acts constituting the elements of rape.").

Virginia's forcible sodomy statute, Va. Code § 18.2-67.1 (1981), criminalizes certain sexual acts obtained through the same means as the rape statute.[2] This statute is divisible and the indictment confirms that Cates was convicted under the "against her will, by force, threat, intimidation, or through mental incapacitation or physical helplessness" variant. [Doc. 22-1, pg. 3]; *see Descamps v. United States*, 570 U.S. 254, 257 (2013) (noting that when a statute "sets out one or more elements of the offense in the alternative," . . . courts may "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction."). Forcible sodomy is also a general intent crime. *Bowden v. Commonwealth*, 667 S.E.2d 27, 29 (Va. Ct. App. 2008) ("[S]odomy, like rape, does not require a specific intent."). Virginia's "mental incapacity or physical helplessness" provisions require that the defendant "knew or should have known" about the incapacity or helplessness. Va. Code Ann. § 18.2-67.10(3)-(4).

---

[2] A person commits forcible sodomy under Virginia law "if he or she engages in cunnilingus, fellatio, anilingus, or anal intercourse with the complaining witness, or causes the complaining witness to engage in such acts with any person, and (1) the complaining witness is less than thirteen years old, or (2) the act is accomplished against the will of the complaining witness, by force, threat or intimidation, or through the use of the complaining witness's mental incapacity or physical helplessness." Va. Code § 18.2-67.1 (1981)

### 3. Defendant's Overbreadth Challenges

Cates raises four arguments that the Virginia statutes are overbroad compared to the federal Tier II and III offenses. The Court will address each in turn.

Cates contends the only plausible federal comparator is "abusive sexual contact" under 18 U.S.C. § 2244, and that § 2242 is inapplicable. The Court disagrees. In selecting the appropriate federal comparator, the Court looks to the federal statute that prohibits the same type of offense conduct as the state statute. *See Barcus*, 892 F.3d at 232. In *Barcus*, the defendant had been convicted under Tennessee's aggravated sexual battery statute involving a victim under the age of 13. *Id.* The Sixth Circuit did not limit its analysis to § 2244, but instead compared the state statute to the Tier III requirements as a whole, examining the definitions of "sexual act" and "sexual conduct" across §§ 2241, 2242, and 2244. *Id.* The Sixth Circuit then focused its comparison on the federal provision whose definition of "sexual act" most closely corresponded to the conduct criminalized by the state statue. *Id.* (citing § 2246(2)(D)).

The same approach applies here. Virginia's rape and forcible sodomy statutes[3] criminalizes conduct that closely tracks the federal offense in § 2242, which prohibits sexual acts accomplished by force or threats. Because § 2242 targets the same core conduct as the Virginia statutes, it is a proper Tier III comparator, and the Government correctly relies on it for purposes of the categorical analysis.

---

[3]   18 U.S.C. § 2242 criminalizes sexual abuse involving a "sexual act," including acts accomplished by threat or fear, or with a victim incapable of appraising the nature of the conduct or communicating unwillingness to participate. 18 U.S.C. § 2242. A "sexual act" includes penetrative intercourse or oral sex. 18 U.S.C. §§ 2246(2)(A)–(B). Those definitions encompass the conduct underlying Cates's prior convictions for rape and forcible sodomy. By contrast, § 2244 applies to offenses involving "sexual contact," defined as non-penetrative touching, including touching through clothing. 18 U.S.C. § 2246(3). Because Cates's offenses involved sexual acts rather than sexual contact, § 2242—not § 2244—is the appropriate federal comparator.

5

### a. Mens Rea (General v. Specific Intent)

Cates argues that Virginia's rape and forcible sodomy statutes are Tier I offenses because they require only general intent, while the federal Tier II and Tier III comparator statutes allegedly require specific intent. The Government counters that § 2242 is a general-intent statute and, even if it were not, Virginia's "knew or should have known" mens rea for incapacity satisfies any heightened requirement.

Section 2242 requires that the defendant act "knowingly," at least as to engaging in the sexual act. 18 U.S.C. § 2242. The Sixth Circuit has not addressed whether "knowingly" applies only to the act itself or to all elements of the offense. Other circuits are split. The Eighth and Tenth Circuits apply "knowingly" to each element, including knowledge of incapacity. *United States v. Bruguier*, 735 F.3d 754 (8th Cir. 2013) (en banc); *United States v. Earls*, 129 F.4th 850, 861 (10th Cir. 2025). The Seventh and Ninth Circuits, by contrast, treat § 2242 as a general-intent statute, requiring only that the defendant knowingly engaged in the sexual act. *See* Ninth Circuit Model Criminal Jury Instructions § 20.9 (2022); Seventh Circuit Pattern Jury Instructions 893 (2023); *cf. United States v. Price*, 980 F.3d 1211, 1215 (9th Cir. 2019).

The Fifth Circuit confronted the same mens rea issue in *United States v. Brown*, 774 F. App'x 837 (5th Cir. 2019). Brown had been convicted at a Navy court-martial of abusive sexual contact and sexual assault under the Uniform Code of Military Justice ("UCMJ"). *Id.* at 838. After serving his sentence, he failed to register under SORNA and pled guilty. *Id.* Before sentencing, he objected to the PSR's classification of him as a Tier III offender, arguing that the UCMJ statute was broader than the federal comparator. His underlying conviction required proof that the defendant "committ[ed] a sexual act … when the person knows or reasonably should know that the other person is asleep, unconscious, or otherwise unaware" of the act. *Id.* at 840 (quoting 10

U.S.C. § 920(b)(2)(B)). When the Fifth Circuit compared that statute to 18 U.S.C. § 2242, it faced the same question presented here: whether § 2242's "knowingly" requirement applies only to the act of engaging in the sexual act or to each element of the offense. If "knowingly" modified every element, the UCMJ's "knows or reasonably should know" language would be broader and thus not comparable. *Id.* At the time, the Fifth Circuit had not resolved that mens rea issue, just as the Sixth Circuit has not now. The district court nevertheless classified Brown as a Tier III offender, and the Fifth Circuit affirmed, noting the "unsettled state of the law"[4] and concluding that, faced with competing interpretations, the district court's comparability finding was not plainly erroneous. *Id.* at 841.

This Court reaches the same conclusion. This Court must interpret the statute according to its text, structure, and the case law. This Court finds that the more natural reading of § 2242 is that "knowingly" modifies only the sexual act itself. Section 2242 makes it a crime to "knowingly--(2) engage[] in a sexual act with another person if that person is--" incapable of consent. The requirement of "knowingly" is separated by two sets of interruptive punctuation from the distinct element relating to the victim's incapacity, and the "Supreme Court has instructed that criminal statutes of this construction are 'most naturally' read such that 'knowingly' modifies only the surrounding active verbs and not the separate subsidiary clauses." *Bruguier*, 735 F.3d at 776 (Murphy, J., dissenting) (citing *United States v. X–Citement Video, Inc.*, 513 U.S. 64, 68 (1994)). Therefore, the "most natural grammatical meaning" of § 2242 is that 'knowingly' only modifies

---

[4] Other district courts have come down on both sides of the circuit split. *Compare United States v. Goguen*, 218 F. Supp. 3d 111, 121 (D. Me. 2016) (finding that Connecticut's general intent sexual assault in the second degree offense was comparable to § 2242), *with United States v. Harry*, No. CR 10-1915 JB, 2014 WL 6065677, at *15 (D.N.M. Oct. 14, 2014) (applying the knowing requirement to each element of § 2242); *see also United States v. Gilchrist*, No. CR 3:19-147, 2021 WL 808753, at *7 (M.D. Pa. Mar. 3, 2021) (finding that New York's 1991 first degree rape statute with a general intent requirement was comparable to § 2241).

the surrounding verbs 'engages' and 'attempts.' *Id*. There is no reason here to deviate from the most natural grammatical meaning. *Id*. at 777. Indeed, the legislative history of the statute supports this reading. In drafting the statute, Congress initially contemplated applying a knowing mens rea to the victim's incapacity. *Id*. at 779 (noting the proposed language of § 2242 criminalized "knowingly engag[ing] in a sexual act with another person if such other person is *known by the offender to be*—(1) incapable of appraising the nature of the conduct."). Revisions later removed the specific intent requirement. *Id.* Under this interpretation, § 2242 is a general-intent offense, and Virginia's rape and forcible sodomy statutes—which also require only general intent—do not sweep more broadly. Applying that interpretation here, Cates' Virginia convictions properly place him in Tier III.

### b. Intimidation Variant

Cates argues that Virginia's rape statute is categorically overbroad because it criminalizes rape accomplished by "intimidation," a term he says sweeps more broadly than the federal offense in § 2241. Virginia's statute allows conviction when intercourse is obtained by "force, threat or intimidation," and Virginia courts have interpreted "intimidation" to include psychological pressure exerted on a vulnerable victim, even without an explicit threat. *Sutton v. Commonwealth*, 228 Va. 654, 663 (1985).

This argument, however, relies on comparing Virginia's statute only to § 2241. That is not the correct—or the only—federal comparator. Section 2241 addresses aggravated sexual abuse involving force or threats of severe harm. Section 2242 separately criminalizes causing another to engage in a sexual act by placing that person in fear, except for the heightened threats covered by § 2241. 18 U.S.C. § 2242. Although the statutory phrasing differs, § 2242 encompasses the same types of intimidation that Virginia's statute covers. Because the federal scheme accounts for both

8

physical force and lesser forms of coercive fear, Virginia's intimidation variant does not sweep more broadly and is not categorically overbroad.

### c. Mental or Physical Incapacity Variants

Cates also argues that § 2242(2) requires the defendant not only to knowingly engage in a sexual act, but also know that the victim was incapable of consent. He contends that Virginia's "knew or should have known" standard is therefore broader because it permits conviction based on negligence. But this argument hinges on how § 2242's "knowingly" requirement is interpreted. Because this Court has concluded that "knowingly" modifies only the act of engaging in the sexual act—not the victim's incapacity—§ 2242 is a general-intent offense. Under that reading, Virginia's incapacity provisions are not broader, and Cates's argument fails.

Even in circuits that follow *Bruguier* and treat § 2242 as requiring knowledge of the victim's incapacity, courts have still found "knew or should have known" language comparable. In *United States v. Church*, the district court evaluated Nebraska's first-degree sexual assault statute, which criminalizes sexual penetration when the defendant "knew or should have known" that the victim was mentally or physically incapable of resisting or appraising the conduct. 461 F. Supp. 3d 875, 888–89 (S.D. Iowa 2020). The court held that this incapacity provision "appears comparable" to § 2242, distinguishing it from a separate deception-based subsection that the federal statute does not cover.

### d. Under-13 Rape Variant

Cates also argues that the statutory-rape variant of Virginia's statute is overbroad because some federal statutes require that the victim be at least four years younger than the defendant. Virginia's third rape variant applies when the defendant knowingly engages in intercourse "with a female child under the age of thirteen." Va. Code § 18.2-61 (1982). Section 2242 does not contain

9

Case 2:25-cr-00070-DCLC-CRW   Document 29   Filed 12/22/25   Page 9 of 12
PageID #: 122

an age-specific provision, so it is not the proper comparator. Instead, SORNA expressly classifies "abusive sexual contact … against a minor who has not attained the age of 13 years" as a Tier III offense. 34 U.S.C. § 20911(4)(A)(ii). Section 2244, which defines abusive sexual contact, likewise imposes no age-difference requirement. Thus, Virginia's under-13 variant criminalizes the same conduct addressed in the federal scheme, unlike statutes such as § 2241 that impose a four-year age-gap requirement for older minors. *Compare* 34 U.S.C. § 20911(4)(A)(ii) (no age difference requirement), *with* 18 U.S.C. § 2241 (requiring that the victim be at least four years younger than the defendant if the victim is between ages 12 and 16).

4. **Rule of Lenity**

Cates argues that the rule of lenity requires dismissal. The rule of lenity applies only when there is genuine ambiguity that traditional canons of statutory construction cannot resolve. *United States v. Cain*, 583 F.3d 408, 417 (6th Cir. 2009). As the Court was able to resolve the issue of Cates' tier classification through traditional statutory interpretation canons, there is no ambiguity, and the rule of lenity does not apply.

**B.     SORNA's Constitutionality**

Cates argues that SORNA's tier classification scheme is unconstitutionally vague because it does not define key terms, articulate specific interpretive methods, or ensure uniform application. He contends that this lack of clarity prevents an ordinary person from understanding the consequences of a failure-to-register offense. A criminal statute violates the Fifth Amendment if it "fails to give ordinary people fair notice of the conduct it punishes, or [is] so standardless that it invites arbitrary enforcement." *Welch v. United States*, 578 U.S. 120, 124 (2016).

The Sixth Circuit has already addressed a materially similar challenge. In *United States v. Shepard*, the court held that the Sentencing Guideline incorporating SORNA's tier structure is not

10

unconstitutionally vague. 658 F. App'x 260, 266–67 (6th Cir. 2016). The defendant in *Shepard* argued that he had been misclassified as a Tier II offender and that the system for determining tiers failed to provide adequate notice. *Id.* at 266. The Sixth Circuit rejected that claim, explaining that U.S.S.G. § 2A3.5, its application notes, and 42 U.S.C. § 16911 "unambiguously" set forth a clear process: the sentencing court compares the elements of the defendant's prior offense to the federal offenses enumerated in § 16911. *Id.* (citing *United States v. Lowry*, 595 F.3d 863, 866 (8th Cir. 2010)). The court concluded that "[n]othing about this statutory scheme" is so indeterminate that it fails to provide fair notice or invites arbitrary enforcement. *Id.* (quoting *Welch*, 578 U.S. at 124). Although *Shepard* addressed the Guideline rather than a constitutional attack on SORNA itself, the Guideline directly incorporates SORNA's tier framework. Had the underlying statutory scheme been unconstitutionally vague, the Guideline would likewise have been invalid. The Sixth Circuit's decision necessarily implies that SORNA's tiering system is constitutionally sound.

Much of Cates' argument focuses not on SORNA's text but on the difficulties courts encounter when applying the categorical approach. That approach—though often criticized—reflects binding Supreme Court precedent. It can be complex, can yield different outcomes across jurisdictions, and can force courts into highly technical element-by-element comparisons. *See United States v. Cervenak*, 135 F.4th 311, 342 (6th Cir. 2025) (Griffin, J., dissenting) (describing the categorical approach as "absurd, convoluted, and nonsensical"). But these complications do not render SORNA vague. The Supreme Court has made clear that "what renders a statute vague is not the possibility that it will sometimes be difficult to determine whether the incriminating fact has been proved, but rather the indeterminacy of what that fact is." *United States v. Williams*, 553 U.S. 285, 306 (2008). SORNA's tier scheme provides such a standard. It defines the categories of offenses, identifies the federal comparators, and directs courts to determine comparability by

11

Case 2:25-cr-00070-DCLC-CRW   Document 29   Filed 12/22/25   Page 11 of 12
PageID #: 124

applying the categorical approach. Defendants can ascertain which tier applies by examining the elements of their predicate offenses. Because SORNA supplies a workable and intelligible framework, it is not unconstitutionally vague.

## IV. CONCLUSION

For these reasons, Cates' motion to dismiss [Doc. 17] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge
